# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DWAYNE FOLSE (#626090)**                         **CIVIL ACTION NO.**

**VERSUS**                                         **18-121-BAJ-SDJ**

**JASON KENT, ET AL.**

## ORDER

Before the Court is a "Motion to Stay Proceedings and Hold in Abeyance Pursuant to 28 U.S.C.A. § 2251"[1] filed by the petitioner Dwayne Folse. For the following reasons, the Motion is **DENIED**.

### I.    Background

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 2, 2018.[2] The State has filed a response.[3] No report and recommendation or ruling has been issued regarding the habeas petition. On April 20, 2020, the United States Supreme Court issued an opinion in *Ramos v. Louisiana*, where it held that the Sixth Amendment, as incorporated through the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[4] Thus non-unanimous jury verdicts for serious criminal offenses are unconstitutional. Thereafter, the Supreme Court granted a writ of certiorari in another matter to determine whether its decision in *Ramos* applies retroactively to cases on federal collateral review.[5] This matter was only recently heard by the Supreme Court, and no opinion regarding the retroactivity of *Ramos* has issued.

---

[1] R. Doc. 26.
[2] R. Doc. 1.
[3] R. Doc. 12.
[4] *Ramos v. Louisiana*, No. 18-5924, 140 S.Ct. 1390 (2020).
[5] *See Thedrick Edwards v. Darrel Vannoy*, No. 19-5807, 140 S.Ct. 2737 (2020).

**II.     Law & Analysis**

Petitioner recognizes that he cannot simply amend his petition now to assert a claim pursuant to *Ramos* because such an action would result in a "mixed petition" containing both exhausted and unexhausted claims, which would be subject to dismissal,[6] and that instead he must exhaust his potential *Ramos* claim in state court prior to bringing this claim in federal court. Accordingly, he requests that this Court stay his action until he exhausts his new potential claim.

Though the standard for determining whether to stay a habeas action enunciated in *Rhines v. Weber*[7] technically only applies to "mixed" habeas petitions, and the petition here is not, at least yet, "mixed," the standard is nevertheless applicable because Petitioner clearly seeks to transform his petition into a "mixed" habeas petition by adding the non-yet-exhausted *Ramos* claim to his pending petition.

In *Rhines*, the Supreme Court noted that the one-year statute of limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) necessitated a "stay-and-abeyance" procedure for petitioners who had good reason for presenting mixed petitions to federal district courts, especially if the petitioner would fall outside of the one-year.[8] A district court should stay an action when it finds the following criteria are met: (1) "the petitioner had good cause for his failure to exhaust," (2) the "unexhausted claims are potentially meritorious" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[9]

Though Petitioner likely meets the criteria of good cause and that he did not intentionally engage in dilatory tactics, he fails to demonstrate that his *Ramos* claim is potentially meritorious

---

[6] *Rose v. Lundy*, 455 U.S. 509 (1982) (federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims).
[7] 544 U.S. 269 (2005).
[8] Pub. L. No. 104-132, 110 Stat. 1214.
[9] *Rhines*, 544 U.S. at 277-78.

at this time. Petitioner fails to recognize that the holding in *Ramos* has not, at least yet, been applied retroactively.[10] Louisiana Code of Criminal Procedure Article 930.8(A) places a general ban on post-conviction relief filed more than "two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." Article 930.8(A)(2) provides an exception for applications asserting a claim that is based on a final ruling of an appellate court that establishes a new interpretation of constitutional law. To meet this exception, the applicant must also establish "that this interpretation is retroactively applicable to his case[.]"[11] Petitioner's direct appeal of his conviction became final in September 2017, and thus, his second application for post-conviction relief is subject to Article 930.8. Because the holding in *Ramos* has not yet been applied retroactively, Petitioner cannot at this time establish that he qualifies for the exception in Article 930.8(A)(2). Therefore, at this time, Petitioner does not have a meritorious claim warranting a stay of this action.[12] Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Stay Proceedings and Hold in Abeyance Pursuant to 28 U.S.C.A. § 2251"[13] is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 29, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *See Ramos*, 140 S.Ct. at 1407 ("Whether the right to jury unanimity applies to cases on collateral review is a question for a future case….").
[11] La. Code. Crim. Proc. Art. 930.8(A)(2).
[12] Petitioner should note that, should *Ramos* be applied retroactively, he will then meet the exception stated in Article 930.8 and may file an application for post-conviction relief in the state court.
[13] R. Doc. 26.