UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE FOLSE (#626090)                                         CIVIL ACTION

VERSUS

JASON KENT, WARDEN                                             NO. 18-121-JWD-SDJ

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE=S REPORT.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

*[signature: Scott Johnson]*

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWAYNE FOLSE (#626090)                                          CIVIL ACTION

VERSUS

JASON KENT, WARDEN                                              NO.  18-121-JWD-SDJ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Dwayne Folse for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

### Procedural History

On August 1, 2012, Petitioner was charged via bill of information in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with one count of first degree robbery. After a jury trial on June 12, 2014, Petitioner was convicted of simple robbery. On August 20, 2015, Petitioner was adjudicated as a multiple felony offender and sentenced to 14 years at hard labor, without the benefit of probation, parole, or suspension of sentence.

Petitioner filed an appeal with the Louisiana First Circuit Court of Appeal. His conviction and sentence were affirmed by the First Circuit on June 3, 2016.[1] On June 16, 2017, the Louisiana Supreme Court responded to Petitioner's petition for a writ of certiorari with one word, "Denied."[2]

---

[1] *State v. Folse*, 2015- (La. App. 1 Cir. 6/3/16), 2016 WL 3131590.
[2] *State v. Folse*, 219 So.3d 1112 (La. 6/16/17).

2

Subsequently, on August 14, 2017, Petitioner filed an application for post-conviction relief in the state trial court. On December 22, 2017, the trial court denied Petitioner's application for post-conviction relief. Petitioner sought no further review with appellate courts.

On February 2, 2018, Petitioner filed the instant application for a writ of habeas corpus.

**Timeliness**

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[3] If a petitioner stops the direct appeal process before she has proceeded through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[4] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is made, upon the conclusion of the 90-day time period for seeking such review.[5]

Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly-filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the

---

[3] 28 U.S.C. § 2244(d)(1)(A).
[4] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[5] *See id.*

3

pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[6]  As a corollary to this rule, any time during which there are no properly-filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period.  To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[7]  A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[8]

Petitioner's conviction became final on September 14, 2017, which was 90 days after the Louisiana Supreme Court decision affirming his conviction on direct review, and the last day he could have sought further review with the United States Supreme Court. Thirty-one days of untolled time elapsed until Petitioner filed his application for post-conviction relief at the 19th Judicial District Court on August 14, 2017.  The limitations period only remained tolled until 30 days after the 19th Judicial District Court's December 22, 2017 ruling denying his PCR, or January 21, 2018, which was the last date Petitioner could have timely filed a writ application with the First Circuit because, under federal law, the limitations period remains tolled both during the time that a properly-filed post-conviction review application is pending before the state court and during the interval after the ruling thereon when Petitioner has the right under state procedural law to proceed to the next level of appellate review.[9]  12 days of untolled time elapsed between January

---

[6] 28 U.S.C. § 2244(d)(2).
[7] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[8] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[9] *Melancon v. Kaylo, supra, 259 F.3d at 406*.

4

21, 2018, and February 2, 2018, the date Petitioner filed the instant petition. Accordingly, less than a year elapsed (43 days) during which Petitioner did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, and Petitioner's writ of habeas corpus in this Court is timely.

The Respondent argues that Petitioner's habeas corpus petition is untimely. Respondent contends that Petitioner failed to timely file his brief with the Louisiana Supreme Court on appeal. The Louisiana Supreme Court's writ denial does not state that the writ was not considered because it was untimely; it merely states "Denied." Furthermore, Respondent's brief relies upon dates and purported filings that are not in the state court record or in the public record. The Court's April 4, 2018 Order[10] specifically instructed Respondent to file "all evidentiary materials necessary to support [a contention of untimeliness.]" The Court cannot rely upon Respondent's mere assertions in order to impose the harsh result of dismissal for untimeliness.

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal,[11] are as follows:  On June 28, 2012, in the early afternoon, Petitioner entered the Whitney Bank on Jefferson Highway in Baton Rouge, wearing a hard hat and a neon construction vest. He approached teller Leah Clark's window and slid a note to her that stated, "Give me all your money. This is a robbery." According to Clark, Petitioner kept his hand underneath his shirt "insinuating that he had a weapon." Clark believed that Petitioner had a weapon and felt threatened. She removed money and a red dye pack from her drawer and handed it to Petitioner. Petitioner took the money, exited the bank, and proceeded to walk toward the CC's Coffee House near the bank.

---

[10] R. Doc. 4.
[11] *State v. Folse*, 2015- (La. App. 1 Cir. 6/3/16), 2016 WL 3131590.

Clark pushed the bank's silent alarm button and notified the branch manager, Amy Dunham, that her window had just been robbed. While Petitioner was still in Clark's line of vision, the dye pack exploded. After the explosion, Petitioner fled on foot toward Corporate Boulevard. Officers arrived on the scene approximately fifteen minutes later.

Investigations revealed that approximately $2,600.00 was stolen from the bank. The branch manager provided officers with still photographs from the bank's surveillance videos, and photographs were broadcast over local news outlets. After receiving an anonymous tip, officers developed Petitioner as a suspect. They prepared a photographic lineup and showed it to three bank employees, none of whom were able to identify Petitioner as the person who robbed the bank. Shortly thereafter, Petitioner reported to the East Baton Rouge Parish Prison and turned himself in for the robbery, explaining that he "[did] it for his family."

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.[12] Relief is also

---

[12] *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.[13] Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness.[14] State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.[15]

## Substantive Review

### *Claim (1): Brady Violation*

In Claim 1, Petitioner contends that the prosecution failed to produce exculpatory evidence, namely: police report, description of suspect, DNA and fingerprint analysis, and eyewitness statements.[16] Petitioner's first assignment of error on appeal concerned the trial court's failure to hold an evidentiary hearing after he raised a *Brady* violation. In his application for post-conviction relief, Petitioner complained that his trial counsel failed to introduce exculpatory evidence at trial. Petitioner contends in Claim 1 that a *Brady* violation occurred due to prosecutorial misconduct. This is an entirely new legal theory, which was never raised by Petitioner on direct appeal or on collateral review.

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required first to exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims

---

[13] *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).
[14] *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").
[15] 28 U.S.C. § 2254(e)(1).
[16] R. Doc. 1, p. 18.

7

have been properly presented to the state's highest court, either on direct review or on post-conviction attack.[17] As a general rule, federal habeas corpus relief is available on a habeas petition only when all of the claims in the petition have been exhausted through the state courts.[18] A district court may notice on its own motion a petitioner's failure to exhaust state court remedies.[19]

A habeas petitioner who has failed to properly present a federal constitutional claim to the state courts may nonetheless be considered to have "technically exhausted" his state remedies if the state courts are no longer available for a review of the claim because of a procedural bar.[20] A claim is considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claim, without regard to whether the claim was actually exhausted by presentation before the state courts.[21] In such instance, where a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claim procedurally barred, then the claim is technically exhausted and procedurally defaulted in the state court.[22] Federal review of the claim is then precluded unless the petitioner can show that the applicable procedural rule is not regularly followed and "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[23]

If the Petitioner were to assert this unexhausted claim before the state courts in a second application for post-conviction relief, the state courts would reject the application as procedurally

---

[17] *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir.1980).
[18] *Rose v. Lundy,* 455 U.S. 509, 510 (1982).
[19] *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir.1984).
[20] *See Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir.2004).
[21] *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991).
[22] *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997), *See also Magouirk v. Phillips,* 144 F.3d 348 (5th Cir.1998).
[23] *Jones v. Jones,* 163 F.3d 285, 296 (5th Cir.1998); *Nobles v. Johnson, supra,* 127 F.3d at 423 n. 33; *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997).

barred in reliance on La. Code Crim. Proc. Ann. art. 930.4(E), which states that a "successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application," or in reliance on Article 930.8(A), which states that "[n]o application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final...."

Thus, the petitioner's Claim 1 is procedurally defaulted, and the Court, by extension, is barred from undertaking review.[24]

### Claim (2): Ineffective Assistance of Counsel & Claim (3) Deliberate Perjury

In Claim 2, Petitioner asserts that he received ineffective assistance of counsel for a litany of reasons without any specificity and without identifying how he was prejudiced by counsel's alleged failures. In Claim 3, Petitioner asserts that the prosecution engaged in "deliberate perjury," without identifying what testimony was perjured or how it affected his case. These claims were not raised on direct appeal but were raised in Petitioner's application for post-conviction relief. However, Petitioner sought no appeal of the 19th Judicial District's December 22, 2017 decision denying his application for post-conviction relief. The Petitioner's filings contain no explanation for his failure to appeal. Respondent argues that Petitioner has failed to exhaust Claim 2 and Claim 3.

As discussed above, the exhaustion requirement is satisfied only when the substance of the federal habeas claim has been fairly presented to the highest state court by direct appeal or state habeas proceedings.[25] Because Petitioner failed to present Claim 2 and Claim 3 to the First Circuit

---

[24] The petitioner is hereby specifically instructed that this Report and Recommendation shall constitute notice to him that this Court is *sua sponte* raising the issue of procedural default and that the petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this Report. *See Magouirk v. Phillips, supra,* 144 F.3d at 359.

[25] *Morris v. Dretke*, 413 F.3d 484 (5th Cir. 2005).

9

and to the Louisiana Supreme Court, Claim 2 and Claim 3 are unexhausted. Petitioner would now be prohibited from presenting these claims to either the First Circuit Court of Appeal or the Louisiana Supreme Court, as they would be untimely. *See* Uniform Rules, Courts of Appeal, Rule 4–3 ("An application not filed in the appellate court within the time so fixed or extended [by the District Court] shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault."); Supreme Court Rule X, § 5(a) ("An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal").

Petitioner provides no explanation for his failure to exhaust Claim 2 or Claim 3.[26] Thus, Claim 2 and Claim 3 are procedurally defaulted, and the Court, by extension, is barred from undertaking review.

### *Claim (4): Insufficient Proof of Habitual Offender*

In Claim 4, Petitioner asserts that he was wrongfully adjudicated as a habitual offender based on insufficient proof of his identity. Petitioner raised this claim as a *pro se* error on direct appeal. The First Circuit found this argument to be without merit:

> Pursuant to La. R.S. 15:529.1A, an enhanced sentence may be imposed on an offender who has been convicted of a felony within this state or "under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony." Thus, the defendant's argument that his conviction for a crime committed in another state cannot be used as a predicate offense is without merit. We now turn to his second argument that the State failed to establish his identity as the perpetrator of predicate offense.

---

[26] Petitioner does not raise the *Martinez/Trevino* exception for his ineffective assistance of counsel claim. Had he raised the exception, procedural default would still apply, as Petitioner's ineffective assistance of counsel claim is not "substantial." *See Chanthakoummane v. Stephens*, 816 F.3d 32 (5th Cir. 2016). Petitioner merely lists perceived deficiencies of his trial counsel in a general sense and provides no factual support for each of the alleged deficiencies or explanation as to how each one of these alleged deficiencies prejudiced his defense. Even under the rule of liberal construction, vague and conclusory allegations are insufficient to support habeas relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir.1993) (*pro se* litigants are still required to provide sufficient facts in support of their claims, and, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

10

>To obtain a multiple-offender adjudication the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. In attempting to do so, the State may present: (1) testimony from witnesses; (2) expert opinion regarding the fingerprints of the defendant when compared with those in the prior record; (3) photographs in the duly authenticated record; or (4) evidence of identical driver's license number, sex, race, and date of birth. *State v. Payton,* 2000–2899, p. 6 (La.3/15/02), 810 So.2d 1127, 1130. The Habitual Offender Act does not require the State to use a specific type of evidence in order to carry its burden at the hearing, and the prior convictions may be proved by any competent evidence. *Id.,* 2000–2899 at 8, 810 So.2d at 1132.
>
>Herein, the habitual offender bill of information alleged one predicate offense, which was a February 10, 2000 conviction for three counts of bank robbery under docket number 99CR468–1 in the United States District Court, Northern District of Illinois. At the habitual offender hearing, the State submitted into evidence a certified copy of the bill of information, minute entry, and plea agreement for that conviction. The State submitted a copy of the fingerprint card associated with the arrest of that offense, as well as the fingerprint card associated with the defendant's arrest for the instant offense.
>
>Michele Douglas, a training instructor with the Federal Bureau of Investigations, testified that both sets of fingerprints were from the same individual, and both fingerprint cards listed the same social security number and date of birth. Louisiana State Police Bureau of Criminal Identification and Information records analyst Amanda Collins also testified that the fingerprints on both cards originated from the same source. Collins compared those fingerprint cards with a set of fingerprints taken of the defendant on the day of the habitual offender hearing and testified that they were all provided from the same source.
>
>Accordingly, the evidence introduced by the State at the habitual offender hearing was sufficient to establish that the defendant was the same person who pled guilty to the prior offense.[27]

Insofar as the foundation of Petitioner's habeas application rests on the proper interpretation of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus review. Insofar as the Petitioner's application rests on a federal due process claim, the claim is without merit.

---

[27] *State v. Folse*, 2015-1862 (La. App. 1 Cir. 6/3/16), 2016 WL 3131590.

In evaluating the sufficiency of evidence to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 99 S.Ct. 2781, 2789 (1979). The *Jackson* standard has been applied in challenges to the sufficiency of the evidence in a habitual offender hearing.[28] Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[29]

While the First Circuit did not explicitly invoke *Jackson*, the First Circuit's decision is consistent with the *Jackson* standard and is entitled to deference.[30] The First Circuit's decision on this issue was neither contrary to nor an unreasonable application of the *Jackson* standard. Claim 4 is without merit.

### *Claim (5): Excessive Sentence*

In Claim 5, Petitioner asserts that he received an "illegal, excessive and vindictive sentence…grossly out of proportion to the severity of the crime."[31] This claim was raised as his sole counseled error on direct appeal. Petitioner's brief to the First Circuit only relied upon Louisiana statutes, the Louisiana Constitution, and Louisiana precedent. The First Circuit's

---

[28] *French v. Estelle,* 692 F.2d 1021 (5th Cir.1982); *Caddell v. Quarterman,* 2007 WL 655759 (S.D.Tex.2007).
[29] 28 U.S.C. § 2254(d).
[30] *See Divers v. Cain*, 698 F.3d 211 (2012) (AEDPA does not require state courts to explain their reasoning, cite or even be aware of Supreme Court precedent before benefiting from deference).
[31] R. Doc. 1, p. 11.

12

opinion, consequently, relied solely on Louisiana law in determining that Petitioner's sentence was not excessive.

Exhaustion requires that a "petitioner must have fairly presented the substance of his claim to the state courts."[32] The determination of whether the claim was presented in such a fashion is made by looking to the briefs filed in state court.[33] "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."[34] Labeling a claim as federal, citing the federal source of that claim, or referencing a case deciding such a claim on federal grounds is enough to satisfy the fair presentment requirement of AEDPA's exhaustion bar.[35]

Petitioner's brief to the First Circuit did not label the claim as federal, cite the federal source of the claim, or rely on a case deciding the claim on federal grounds. Thus, he did not sufficiently alert and afford the First Circuit an opportunity to address an alleged violation of his federal rights. As such, Petitioner failed to exhaust Claim 5.[36] It is now too late for Petitioner to return to state court and exhaust a federal attack of his sentence, so the claim it is technically exhausted and procedurally barred.[37]

---

[32] *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997).
[33] *Smith v. Digmon,* 98 S.Ct. 597 (1978); *Soffar v. Dretke,* 368 F.3d 441, 467 (5th Cir.2004).
[34] *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)
[35] *See Baldwin v. Reese*, 541 U.S. 27 (2004).
[36] The petitioner is hereby specifically instructed that this Report and Recommendation shall constitute notice to him that this Court is *sua sponte* raising the issue of procedural default and that the petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this Report. *See Magouirk v. Phillips, supra,* 144 F.3d at 359.
[37] *See* Uniform Rules, Courts of Appeal, Rule 4–3 ("An application not filed in the appellate court within the time so fixed or extended [by the District Court] shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault."); Supreme Court Rule X, § 5(a) ("An application seeking to review a judgment of the court of appeal ... after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal"). See also, La. Code Crim. Proc. Ann. art. 930.4(E), which states that a "successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application," or in reliance on Article 930.8(A), which states that "[n]o application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final...."

## Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[38] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[39] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[40] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[41] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[42] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural or substantive ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[38] 28 U.S.C. § 2253(c)(1)(A).
[39] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[40] 28 U.S.C. § 2253(c)(2).
[41] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[42] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 10, 2021.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**